FILED
 2008 Apr-10  AM 09:55
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **NANCY HEAPS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. CV-06-S-4637-NE |
| | ) |
| **PARKER OIL COMPANY, INC.,** | ) |
| *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND FINAL JUDGMENT

Plaintiff, Nancy Heaps, filed this action on November 9, 2006, pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* She named as defendants Parker Oil Company ("Parker Oil"), her former employer, and Katie Parker and Doyle Dodson, whom she describes as "persons acting directly or indirectly in the interest of Parker Oil in its employment relationship with plaintiff."[1] The case presently is before the court on plaintiff's motion for summary judgment.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 indicates that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

---

[1] Doc. no. 1 (Complaint), at ¶ 5.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[2]  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Likewise, "summary judgment should be granted where the evidence is such that it 'would require a directed verdict for the moving party' [if the case proceeded to trial]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986) (internal citations omitted).

> In either situation,
>
> the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case.  The relevant rules of substantive law dictate the materiality of a disputed fact.  A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable [factfinder] to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (internal

---

[2] Rule 56 was recently amended in conjunction with a general overhaul of the Federal Rules of Civil Procedure.  The Advisory Committee was careful to note, however, that the changes "are intended to be *stylistic only*." Adv. Comm. Notes to Fed. R. Civ. P. 56 (2007 Amends.) (emphasis supplied).  Consequently, cases interpreting the previous version of Rule 56 are equally applicable to the revised version.

quotations and citation omitted) (bracketed text suppled).  *See also Anderson*, 477 U.S. at 251-52 (asking "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

## II.  PROCEDURAL HISTORY

On November 6, 2007, this court directed the Clerk of Court to enter the default of defendant Katie Parker on the record, as a sanction for Ms. Parker's failure to appear for deposition and to comply with this court's orders.[3]  The clerk entered Ms. Parker's default on that same date.[4]  No default judgment has yet been entered against Ms. Parker.

The court entered a submission order, requiring defendants to respond to plaintiff's motion for summary judgment on or before November 20, 2007.[5]  Defendants failed to file any response.  Pursuant to the court's Uniform Initial Order,

> [a]ny statements of fact that are disputed by the non-moving party must be followed by specific reference to those portions of the evidentiary record upon which the dispute is based.  *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*[6]

---

[3]Doc. no. 42.
[4]Doc. no. 43.
[5]*See* order entered on October 30, 2007.
[6]Doc. no. 13 (Uniform Initial Order), Appendix II, at 16-17 (emphasis in original).

As defendants failed to file any response to plaintiff's motion for summary judgment or any opposition to plaintiff's statement of undisputed facts, those facts are deemed admitted for purposes of ruling on the pending motion for summary judgment.

### III.  SUMMARY OF FACTS

Parker Oil has admitted that it is an enterprise engaged in commerce.[7] At all relevant times prior to October of 2006, defendant Katie Parker was the President of Parker Oil and "pretty much ran the business."[8]  In February of 2006, defendant Doyle Dodson, Katie Parker's brother, acquired forty percent of the shares in Parker Oil, and he served as the company's Vice-President until October of 2006.[9]  In October of 2006, Dodson became President of the company, and he took over his sister's ownership interest to become full owner.[10]

Plaintiff began working for Parker Oil in March of 2003, as a cashier and a manager at the company's gas station and convenience store.[11]  From December of 2003 until November of 2005, Parker Oil paid plaintiff at a rate of $7.00 an hour, plus

---

[7]Doc. no. 38 (plaintiff's motion for summary judgment), Exhibit 2 (Requests for Admission), at Request No. 4.

[8]Doc. no. 39 (plaintiff's supplemental evidentiary submission), Exhibit A (Deposition of Doyle Dodson), at 26-27.

[9]*Id.* at 8-9.

[10]*Id.* at 7-9.

[11]Doc. no. 38 (plaintiff's motion for summary judgment), Exhibit 1 (Declaration of Nancy Heaps), at 1.

$180.00 weekly, resulting in total pay of $460.00 a week.[12] During a seventeen-week period from mid-December of 2005 until mid-March of 2006, plaintiff received only one paycheck, in the amount of $400.00.[13]  During this seventeen-week period, plaintiff was at the store approximately eighty hours a week.  In addition to working her regular shift, she also had to be present at the store whenever an employee named Ashley — who was under twenty-one years of age — was working.[14]

Plaintiff asked Doyle Dodson why she and other employees had not been paid, and Dodson informed her that they all would be paid by the third quarter of the year.[15] Even so, plaintiff did not receive any payment until her employment with Parker Oil was terminated.  Upon her termination, Dodson presented her a check in the amount of $700.00, and informed her, "this is one-half month's salary, which is customary in business."[16]

## IV.  DISCUSSION

The FLSA requires employers to pay all covered employees at least a statutorily-prescribed minimum wage for each hour worked. 29 U.S.C. § 206(a)(1).[17]

---

[12]*Id.*

[13]*Id.*

[14]*Id.* at 2.

[15]*Id.*

[16]*Id.*

[17]The FLSA applies only to employees who are "engaged in commerce or in the production of goods for commerce," or who are "employed in an enterprise engaged in commerce or in the

The Act also requires employers to pay covered employees at a rate of one and a half times their usual rate of pay for each hour over forty hours worked in a given week. 29 U.S.C. § 207(a).

During the seventeen-month period beginning in mid-November of 2005 and ending in mid-March of 2006, plaintiff worked eighty hours — resulting in a full forty hours of overtime — each week. During this time period, plaintiff's regular pay for a forty-hour work week was $460.00, or $11.50 an hour. Her overtime rate would have been $17.25 an hour, or one and a half times her regular rate. Consequently, plaintiff should have received $1,150.00 each week ($460.00 in regular pay, plus $690.00 in overtime pay), for a total of $19,550.00 over the seventeen weeks. Plaintiff did not receive anywhere near this amount. In fact, from mid-November of 2005 to mid-March of 2006, plaintiff received only one paycheck for $400.00 and one paycheck for $700.00. Therefore, Parker Oil still owes plaintiff wages in the amount of $18,450.00.[18]

Plaintiff also seeks to hold defendants Doyle Dodson and Katie Parker individually liable for her unpaid wages. The requirements of the FLSA apply only

---

production of goods for commerce." 29 U.S.C. § 206(a). It is undisputed here that plaintiff's employment with Parker Oil satisfies these requirements.

[18]Plaintiff asserts she is entitled to $19,550.00 in unpaid compensation. *See* doc. no. 38 (plaintiff's brief), at 5. This amount does not take into account the "one check for $400.00" she received, or the $700.00 she received when her employment was terminated.

to "employers." *See* 29 U.S.C. § 206(a) ("Every *employer* shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, [a minimum wage].") (emphasis supplied); 29 U.S.C. § 207(a)(1) ("Except as otherwise provided in this section, no *employer* shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.") (emphasis supplied). The statutory definition of an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Dodson and Parker both have admitted that they are "person[s] acting directly or indirectly in the interest of Parker Oil Company, Inc., in its employment relationship with [plaintiff]."[19] Accordingly, they both will be held individually liable for plaintiff's unpaid wages. Their liability will be joint and several with that of Parker Oil. *See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1160 (11th Cir. 2008) (holding

---

[19]Doc. no. 38 (plaintiff's motion for summary judgment), Exhibit 2 (Requests for Admission), at Request Nos. 7 & 8.

that "'a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'") (quoting *Patel v. Wargo,* 803 F.2d 632, 637-38 (11th Cir. 1986)).

Finally, plaintiff asserts that she is entitled to liquidated damages in an additional amount equal to the amount of her unpaid wages. The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, *and in an additional equal amount as liquidated damages*." 29 U.S.C. § 216(b) (emphasis supplied). Defendant has raised no defense to the payment of liquidated damages.[20] Accordingly, liquidated damages in the additional amount of $18,450.00 will be awarded.

## V. CONCLUSION AND JUDGMENT

Based on all of the foregoing, the court concludes there are no genuine issues

---

[20] 29 U.S.C. § 260 relieves an employer of its obligation to pay liquidated damages under the FLSA if he "shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation fo the Fair Labor Standards Act." It is the employer's burden to demonstrate good faith. *Rodriguez v. Farm Stores Grocery, Inc.,* – F.3d –, 2008 WL 601845 (11th Cir. 2008) (citing *Joiner v. City of Macon,* 814 F.2d 1537, 1539 (11th Cir. 1987)) ("An employer who violates the FLSA's overtime provision carries the burden of proving its entitlement to the safe harbor" of 29 U.S.C. § 260.). Defendants have not raised this (or any other) defense to liquidated damages, either in their answer to plaintiff's complaint, or in response to plaintiff's motion for summary judgment.

of material fact with regard to plaintiff's FLSA claim, and plaintiff is entitled to judgment as a matter of law.  Accordingly, plaintiff's motion for summary judgment is GRANTED, and it is CONSIDERED, ORDERED, and ADJUDGED that judgment be, and it hereby is, entered in favor of plaintiff, Nancy Heaps, and against defendants Parker Oil Company, Inc., Katie Parker, and Doyle Dodson, jointly and severally, in the amount of Eighteen Thousand Four Hundred Fifty and No/100ths Dollars ($18,450.00), and an additional amount of Eighteen Thousand Four Hundred Fifty and No/100ths Dollars ($18,450.00) in liquidated damages, for a total judgment amount of Thirty-Six Thousand Nine Hundred and No/100ths Dollars ($36,900.00).[21]  Costs are taxed to defendants.  The clerk is directed to close this file.

    DONE this 10th day of April, 2008.

                                                  /s/ Lynwood Smith
                                                  United States District Judge

---

[21] The court notes this is the same result that would have been reached with regard to defendant Katie Parker if plaintiff had moved for default judgment to be entered against Ms. Parker.